**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

CARLOS ALFREDO REANOS-MOREL,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73791

Agency No. A200-770-846

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2019[**]
Seattle, Washington

Before:  KLEINFELD and FRIEDLAND, Circuit Judges, and PAULEY,[***] District Judge.

Carlos Alfredo Reanos-Morel, a citizen of Honduras, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") denying his applications

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Reanos-Morel has not presented a substantial argument that his fear of returning to his home country bears a "nexus" to the protected ground of persecution by reason of membership in a "particular social group." We assume for purposes of this decision only that the "particular social group" of informants in *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), applies to Reanos-Morel's proposed social group. Even assuming that Reanos-Morel's proposed social group is cognizable under *Henriquez-Rivas*, Reanos-Morel must establish that any persecution was or will be "on account of" his membership in such a group. *Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011). Reanos-Morel, however, did not challenge the BIA's conclusion that "gang members threatened [him] for no other reason than to seek personal revenge for reporting their crime." Since Reanos-Morel's brief does not present an argument that the threats were on account of membership in the claimed particular social group, the issue is waived, and the claims for asylum and withholding of removal fail. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that generalized fears of

criminal violence are not cognizable grounds for asylum or withholding of removal).

Although Reanos-Morel did preserve his Convention Against Torture claim, substantial evidence on the record as a whole supports the BIA's conclusion that Reanos-Morel has "not shown that he is more likely than not to be tortured in his country, by or with the acquiescence (including willful blindness) of a government official upon return" and thus supports the denial of Convention relief. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION DENIED.**